FILED

2016 Mar-01  PM 04:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **DR. NESAR U. AHMED, P.E.,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  5:14-cv-01683-JHE** |
| | } | |
| **THE BOARD OF TRUSTEES OF** | } | |
| **ALABAMA AGRICULTURAL &** | } | |
| **MECHANICAL UNIVERSITY, et** | } | |
| **al.,** | } | |
| | } | |
| **Defendants.** | } | |

## ORDER

On July 13 2015, Magistrate Judge John England entered a report and recommendation concerning defendant Dr. V. Trent Montgomery's motion to dismiss plaintiff Dr. Nesar U. Ahmed's claims against him and Dr. Ahmed's motion for leave to file a second amended complaint.  (Doc. 41).  In his report, Judge England recommended that the Court grant in part and deny in part Dr. Ahmed's motion to amend his complaint and deny as moot Dr. Montgomery's motion to dismiss.  (Doc. 41, p. 1).[1]  Dr. Montgomery filed a partial objection to

---

[1] Defendant Governor Robert Bentley also moved to dismiss Dr. Ahmed's complaint.  (Doc. 22). Governor Bentley does not oppose Dr. Ahmed's motion to amend. Because the amended complaint would become the operative pleading, Judge England recommended that the Court deny as moot Governor Bentley's pending motion to dismiss.  (Doc. 41, p. 1, n. 1).

the report and recommendation. (Doc. 42). Dr. Ahmed filed a response in opposition to Dr. Montgomery's objection. (Doc. 44). Dr. Montgomery filed a reply in support of his partial objection. (Doc. 45).

The Clerk randomly selected the undersigned to review Dr. Montgomery's partial objection to Judge England's report and recommendation. For the reasons explained below, the Court accepts Judge England's recommendation.

## I.   STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error the portions of the report or proposed factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

## II.    ANALYSIS

Judge England has recommended that the Court deny Dr. Montgomery's motion to dismiss the claims against him and grant Dr. Ahmed's motion to file a second amended complaint, less the promissory fraud claim in the proposed second amended complaint.  Dr. Montgomery objects to Judge England's analysis of Dr. Ahmed's promissory fraud claim, presumably because Dr. Montgomery anticipates that Dr. Ahmed may ask for permission to file an amended complaint that corrects the flaws that Judge England identified in the current version of that claim.  Dr. Montgomery's arguments are unpersuasive.

Dr. Montgomery argues that a plaintiff may not pursue a fraud claim relating to an alleged "simple breach of contract because otherwise every breach of contract claim would become a fraud claim."  (Doc. 42, p. 3).  Dr. Montgomery submits that the governing principle of Alabama law on this point appears in a concurring opinion in *Dickinson v. Land Developers Construction Co.*, 882 So. 2d 291 (Ala. 2003).  (Doc. 42).  He asserts that neither Dr. Ahmed not Judge England has stated "a compelling reason why the principles described in Justice Houston's *Dickinson* concurrence would not be the controlling authority for this case."  (Doc. 42, p. 2). The Court does not agree, but for argument's sake, the Court accepts Dr. Montgomery's proposition and attempts to cure the deficiency.

The first compelling reason why the *Dickinson* concurrence is not controlling authority lies in the fact that it is a concurring opinion, not a holding of a majority of the justices of the Alabama Supreme Court. The *Heisz* decision on which Judge England relies is a majority opinion, and that opinion reiterates the well-settled proposition that a plaintiff may pursue a promissory fraud claim relating to a breach of contract; however, to prevail on such a claim, a plaintiff must allege and prove that when the defendant purportedly mispresented a material fact to the plaintiff, the defendant did not intent to fulfill his promise and intended, instead, to deceive the plaintiff. *Heisz v. Galt Indus.*, *Inc.*, 93 So. 3d 918, 924-26 (Ala. 2012); Doc. 41, pp. 6-8.

The second compelling reason not to adopt Dr. Montgomery's interpretation of the concurring opinion in *Dickinson* is that Dr. Montgomery's argument overlooks the finer points of the concurring opinion. Justice Houston provided the concurring opinion to confirm that under Alabama law, a simple breach of contract, without more, cannot provide the basis for a fraud claim. Justice Houston did not suggest, though, that a plaintiff can never pursue a breach of contract claim and a fraud claim simultaneously. To the contrary, Justice Houston explained that "[u]nder Alabama law, a plaintiff can, in some instances, maintain a cause of action for fraud and breach of contract arising from the same general factual circumstances." 882 So. 2d at 303 (Houston, J. concurring). By way of example,

4

Justice Houston wrote, "a plaintiff can recover for both breach of contract and fraud when the plaintiff has been fraudulently induced (through false statements about specific facts) into making a contract." *Id.*

That is precisely what Dr. Ahmed alleges happened in this case.  He asserts that in 2012, while he was a member of the Alabama A&M faculty, he received a job offer that "included a substantial pay increase from what [he] was receiving at the University, as well as better benefits." (Doc. 32-1, p. 8).  Dr. Ahmed contends that when he gave the university notice of the job offer, he received a written offer of additional compensation signed by Dr. Montgomery.  Dr. Ahmed alleges that he rejected the job offer based on A&M's promise of additional compensation, and A&M, over time, breached its promise to provide additional compensation.  (Doc. 32-1, pp. 9-10).  Dr. Ahmed "avers that Defendant Wims, in his official and individual capacity, made false representations regarding Plaintiff's future salary in an effort to induce Plaintiff to not accept a more lucrative offer of employment with another university. Such representations were ratified and confirmed at the time by Defendant[] Montgomery . . . Relying on those promises, commitments, representations and assurances, Plaintiff twice turned down a job offer from Abu Dhabi University." (Doc. 32-1, p. 21).  Thus, Dr. Ahmed's fraud theory, if properly pled, may proceed simultaneously with his breach of contract claim.

There are two flaws in Dr. Ahmed's current recitation of his fraud claim. First, as stated, under Alabama law, to assert a claim for promissory fraud or fraud in the inducement, a plaintiff must allege that the defendant had a present intent not to perform when he purportedly made the promise at issue.  In the proposed second amended complaint, Dr. Ahmed's allegations of intent run the gamut, ranging from negligence and mistake to intentional conduct.  (Doc. 32-1, pp. 20-21).  As Judge England found, these allegations are inadequate.

Second, the injury that Dr. Ahmed currently attributes to Dr. Montgomery's alleged fraud is A&M's failure to provide supplemental pay, the same injury that Dr. Ahmed allegedly suffered because of the university's breach of contract.  (Doc. 32-1, p. 22).  The case on which Justice Houston relies in his concurring opinion in *Dickinson* creates some confusion about the extent to which the injury and damages alleged for promissory fraud may overlap with the injury and damages alleged for breach of contract.  *Compare Dickinson*, 882 So. 2d at 304 ("'If a fraud is perpetrated which induces someone to enter into a contract, there is a cause of action for fraud and the remedies attendant to that particular tort are available. If there is no fraud inducing someone to enter into a contract, but the contract is breached, the cause of action sounds in contract and contract remedies are available. The fact that the measure of damages may be the same for both causes of action does not make the fraud claim disappear.'") (Houston, J, concurring)

(quoting *LePesca Grande Charters, Inc. v. Moran*, 704 So. 2d 710, 712 (Fla. Dist. Ct. App. 1998), *and McNair v. Macon Cty. Greyhound Park, Inc.*, 2011 WL 867220, at *5 (M.D. Ala. Mar. 14, 2011) ("Fraud in the performance cases do not give rise to claims for damages for fraud, unless 'there is damage due to fraud that is separate from damages that may result from any subsequent contractual breach.'") (quoting *Dickinson*, 822 So. 2d at 305 (Houston, J., concurring)).  As a logical matter, in this case, the injury that flows from Dr. Montgomery's alleged misrepresentation concerning supplemental pay from A&M is Dr. Ahmed's decision to forego the job offer from another university, an offer that Dr. Ahmed alleges "would have included a substantial pay increase from what Dr. Ahmed was receiving at the University, as well as better benefits."  As currently pleaded, Dr. Ahmed's fraud injury is confusing.

Dr. Montgomery's objection concerning immunity is moot.  (Doc. 42, pp. 5-6).  Dr. Montgomery may consider whether he wishes to present the argument again if Dr. Ahmed requests leave to file an amended promissory fraud claim.

## III.   CONCLUSION

For the reasons discussed above, the Court adopts Judge England's report and accepts his recommendation.  The Court returns this action to Judge England for further proceedings consistent with this order.

**DONE** and **ORDERED** this March 1, 2016.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE