# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| DR. NESAR U. AHMED, P.E., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  5:14-cv-01683-JHE |
| | ) | |
| THE BOARD OF TRUSTEES OF | ) | |
| ALABAMA AGRICULTURAL & | ) | |
| MECHANICAL UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

Pursuant to this Court's previous orders, (docs. 41, 46, & 48), Plaintiff Dr. Nesar U. Ahmed ("Ahmed") moved for leave to file a third amended complaint.  (Doc. 49).  Numerous defendants opposed the amendment as futile.  (Doc. 57).  The motion is fully briefed and ripe for review. (Docs 29, 57, & 61).  For the reasons stated more fully below, the motion to amend is **GRANTED IN PART**.

## I. Standard of Review

The court will "freely grant" a motion to amend "when justice so requires."  FED. R. CIV. P. 15(a)(2).  The court's discretion in deciding whether to grant or deny a motion to amend, however, is not unlimited.  *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996) (citing *Espey v. Wainwright*, 734 F.2d 748 (11th Cir. 1984); *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594 (5th Cir. 1981)).  A district court should allow a plaintiff to amend unless there is a

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 54).

"substantial countervailing reason." *Id.* Such "substantial countervailing reasons" include: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment. *Id.* (citing *Nolin v. Douglas Cnty.*, 903 F.2d 1546, 1550 (11th Cir. 1990)).

"The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied." *B.D. Stephenson Trucking LLC v. Riverbrooke Capital Partners, LLC,* No. 06-0343-WS-M, 2006 WL 2772673, at *6 (S.D. Ala. Sept. 26, 2006) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)); *see also Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996).

Rule 12(b)(6), Fᴇᴅ. R. Cɪᴠ. P., permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.; accord Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To that end, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading

2

standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

## II. Factual and Procedural Background[2]

Ahmed filed this action on August 29, 2014, alleging his former employer, the Board of Trustees of Alabama Agricultural & Mechanical University (the "Board"), unlawfully discriminated against him on the basis of his race and national origin. (Doc. 1).

On November 26, 2014, the Board moved to dismiss. (Doc. 9). Ahmed then amended his complaint, adding Alabama Agricultural & Mechanical University ("Alabama A&M"); the trustees of the Board, in their individual and official capacities (the "Trustees"); Drs. Andrew Hugine ("Hugine"), Daniel K. Wims ("Wims"), and Chance Glenn ("Glenn"), in their individual and official capacities; and Dr. V. Trent Montgomery ("Dr. Montgomery"), in his individual capacity. (Doc. 14). By text order, the undersigned found the Board's motion to dismiss moot in light of the amended complaint. (Doc. 16).

Dr. Montgomery moved to dismiss Ahmed's amended complaint, alleging, *inter alia*, Ahmed's promissory fraud claim against him was deficient and other claims were barred by the

---

[2] "When considering a motion to dismiss [or, as here, its equivalent], all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In other words, these "facts" are taken directly from the proposed third amended complaint.

applicable statute of limitations.  (Doc. 27).  On January 23, 2015, Ahmed filed a motion for leave to amend his complaint to address the statute of limitations issue.  (Doc. 32).  The undersigned issued a report and recommendation on August 13, 2015, addressing Ahmed's motion for leave to amend and Dr. Montgomery's motion to dismiss, recommending Ahmed be allowed to file his proposed second amended complaint without the promissory fraud claim, but without prejudice to a further motion to amend that claim to state a sufficient cause of action.  (Doc. 41).[3]  Over Dr. Montgomery's objection, (doc. 42), United States District Judge Madeline Hughes Haikala adopted the report and recommendation on March 1, 2016.  (Doc. 46).

The undersigned ordered Ahmed to file his second amended complaint and, if he chose, a motion for leave to amend his complaint to include the promissory fraud claim.  (Doc. 47).  Ahmed did both, filing his second amended complaint on March 7, 2016, (doc. 48), and the instant motion, (doc. 49), which seeks to add the promissory fraud claim.  On April 14, 2016, Defendants Alabama A&M; the Trustees; Drs. Glenn, Hugine, and Wims; and Dr. Montgomery filed their partial opposition to this motion, arguing the amendment would be futile.  (Doc. 57).  After Ahmed's motion to amend had been taken under submission, on December 29, 2016, Ahmed voluntarily dismissed his claims against the Trustees in their official and individual capacities.  (Doc. 66).

### III. Analysis

Ahmed's proposed third amended complaint seeks to modify his second amended complaint in several ways: he wishes to remove the erroneously-included Trustees as defendants from Count Four, (doc. 49 at ¶ 13(a)); flesh out his allegations in ¶ 59 to include more detail about

---

[3] The factual allegations in Ahmed's amended complaint are set out in more detail in this report and recommendation.  (Doc. 41 at 4-5).

the Trustees' failure to interview and promote him, (*id.* at ¶ 13(b)); and add Count Six, the promissory fraud count, (doc. 49 at ¶ 13(c); doc. 49-1 at ¶¶ 71-81).

None of these modifications are opposed by the moving Defendants.  Instead, they argue it would be futile for Ahmed to amend because of various deficiencies in the complaint dating from Ahmed's first amended complaint, which have undergone no substantive modification since December 2014, (*compare* doc. 14 at ¶¶ 42-66 *with* doc. 49-1 at ¶¶ 46-70), and which, despite their argument to the contrary, the Defendants have not previously challenged.[4]  Ahmed's proposed amendment does not alter or affect the parts of the second amended complaint Defendants challenge as being subject to dismissal, and denying his motion to amend would have no effect at all on the challenged portions.  Effectively, defendants embed a motion to dismiss unrelated portions of Ahmed's complaint in their opposition to an amendment, the substance of which they do not actually challenge.

Because the Trustees have been dismissed by Ahmed, many of the arguments made in Defendants' response no longer pertain to the case.  Other arguments appear to stem from confusion between the parties as to what the complaint alleges (or may be fairly read to allege), whether through inartful pleading by Ahmed, misunderstanding by Defendants, or some combination of the two.  To the extent Defendants seek dismissal of Ahmed's claims, the undersigned addresses each of their arguments below.

---

[4] The moving Defendants argue "the University and this Court [have] expend[ed] substantial time and resources explaining the numerous deficiencies [in Ahmed's complaint] to him" and that Ahmed has "repeated[ly] fail[ed] to cure deficiencies by prior amendments."  (Doc. 57 at 2).  The only defendants who previously challenged the sufficiency of the complaint are the Board, (docs. 10 & 11), Governor Bentley, (doc. 22), and Dr. Montgomery, (docs. 26, 27, and 36).  None raised the deficiencies currently alleged.

### A. Availability of Equitable Relief Against Drs. Wims and Glenn

Defendants contend Hugine is the sole official at Alabama A&M with authority over employment-related decision-making.  (Doc. 57 at 8).  Thus, they argue, Ahmed's claims against the Trustees and against Wims and Glenn in their official capacities in Counts Three and Four, which seek injunctive relief, would be subject to dismissal; in support, they cite Alabama A&M's faculty handbook, which they separately filed as an exhibit to their motion.  (*Id.* at 7-8; doc. 58).  Defendants additionally note Ahmed's claims against this latter set of defendants are redundant of his claims against Hugine, because only one state actor with authority to act would be necessary to implement whatever injunctive relief Ahmed might obtain.  (Doc. 57 at 9).  Ahmed responds by arguing it is plausible the Board exercises control over Hugine's decisions and Wims and Glenn are appropriate parties because they provide recommendations to Hugine and Hugine cannot act without those recommendations.  (Doc. 61 at 5-6).

Because Defendants request the undersigned to consider the faculty handbook—which is material outside the pleadings—in the context of what is, as observed above, essentially a motion to dismiss, the undersigned is faced with the choice of whether to consider the handbook and thus treat Defendant's response as a motion for summary judgment.  *See* FED. R. CIV. P. 12(d).  The decision to consider outside materials is left to the discretion of the Court.  *Jones v. Automobile Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1531-32 (11th Cir. 1990).  "A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings. According to case law, 'not considering' such matters is the functional equivalent of 'excluding' them—there is no more formal step required." *Harper v. Lawrence Cnty., Ala.,* 592 F.3d 1227, 1232 (11th Cir.2010).

6

Because Ahmed has dismissed his claims against the Trustees, Wims and Glenn are the only remaining parties to whom Defendants' arguments apply.[5]  While Defendants point to Ala. Code § 16-49-23 (1975) to argue Wims and Glenn possess no "statutory authority to make employment-related decisions for Alabama A&M concerning faculty," the statute they cite delegates the Board's authority over employment decisions to the university president.  *See McGlathery v. Alabama Agr. & Mech. Univ.,* 105 So. 3d 437 (Ala. Civ. App. 2012).  The statute sets no limits on the Alabama A&M president's ability to delegate his or her own power and thus does not on its face indicate equitable relief against Wims and Glenn would be unavailable or superfluous.  Therefore, to consider Defendants' arguments as to the role of Wims and Glenn in employment decisions, the undersigned would necessarily have to consider the only other source of authority to which Defendants point: the faculty handbook.

The undersigned declines to do so.  Conversion to summary judgment would be particularly inappropriate in this case because of the unusual posture of the converted motion: it would emerge from a motion to dismiss nested inside a response to a motion to amend. Additionally, despite its age, very little of substance has occurred in this case; a scheduling order has yet to be entered, no discovery between the parties has commenced (to the undersigned's knowledge), and all operative deadlines have been stayed for almost two years, (*see* doc. 40).  Even if the undersigned were to treat the response as a motion for summary judgment and provide Ahmed time to respond,[6] it is not clear Ahmed has had a reasonable opportunity to obtain the

_____

[5] Ahmed's arguments as to equitable relief address the involvement of the Board, but his claims are against the Trustees in their individual and official capacities.  Regardless of which he intends, Defendants seek dismissal on this basis only against the Trustees.

[6] "In the Eleventh Circuit, 'whenever a district judge converts a 12(b)(6) motion to dismiss

factual basis necessary to oppose such a motion.  Defendants are certainly free to raise this issue again on summary judgment, should they feel it is still appropriate.

### B. "Alabama Agricultural & Mechanical University"

Defendants contend there is no legal entity subject to suit named "Alabama Agricultural & Mechanical University," but rather that the corporate entity is named the "Board of Trustees for Alabama Agricultural and Mechanical University."  (Doc. 57 at 2-3).  Therefore, they seek dismissal of Plaintiff's claims against Alabama A&M.  (*Id.*).  Plaintiff takes no issue with this contention and offers to amend Counts One, Two, and Five of his complaint (the counts he asserts against Alabama A&M) to reflect the correct name, by requesting further leave of court if necessary.  (Doc. 61 at 1-2).

To the extent both parties apparently agree Alabama A&M is not an entity subject to suit, it is due to be dismissed from this suit.  This has no effect Counts One and Two of Ahmed's complaint, in which alleges the same conduct by both Alabama A&M and the Board.  However, Count Five is asserted solely against Alabama A&M, and dismissing Alabama A&M from the suit also dismisses Ahmed's breach of contract count in its entirety.  This is a harsh outcome for a technical failure, especially when the Board acknowledges the common name of the entity is Alabama A&M and has previously conceded the two parties are identical, (*see* doc. 11 at 5)

---

into one for summary judgment by considering matters outside the pleadings the judge *must* give all parties ten-days notice that he is so converting the motion.'" *Miner v. Zoe's Kitchen USA LLC*, No. 2:14-CV-00729-MHH, 2015 WL 3459012, at *2 (N.D. Ala. May 30, 2015) (quoting *Christy v. Sheriff of Palm Beach Cnty., Fla*., 288 Fed. Appx. 658, 664 (11th Cir.2008).  As noted in *Miner*, the *Christy* court applied the 2008 version of Federal Rules of Civil Procedure to derive this ten-day requirement; ten-day periods were replaced with fourteen-day periods by a 2009 amendment to the Rules.  *See id.* at n.1.  Irrespective of whether a ten- or fourteen-day period would be required, Ahmed would necessarily need to be provided notice and an opportunity to respond.

("Therefore, a suit against the Board is a suit against the University, an instrumentality of the State of Alabama."). Additionally, neither the Board nor Alabama A&M University have argued the breach of contract claim is subject to dismissal for any other reason than the incorrectly-named defendant. Therefore, the undersigned will grant leave for Ahmed to assert his breach of contract claim against the appropriately-named defendant in his amended complaint, as set out in his reply brief, and without prejudice to the Board's ability to move for dismissal of the breach of contract claim, if it chooses to do so.

### C. Eleventh Amendment Immunity

Defendants argue Ahmed's proposed amended complaint asserts claims against the Trustees and Hugine, Wims, and Glenn in their official capacity for monetary damages and retrospective relief in Counts Three and Four, and that those remedies are not available due to Eleventh Amendment immunity. (Doc. 57 at 4-7). Ahmed responds he seeks only retrospective relief against Defendants in their individual capacities, and Counts Three and Four seek only prospective relief against Defendants in their official capacities. (Doc. 61 at 2).

Defendants' objection to the complaint on this basis is not well taken. Other than generally identifying Counts Three and Four, Defendants point to no specific retrospective relief sought by Ahmed against them in their official capacities. And Ahmed separates out prospective and monetary relief against Defendants in their individual capacities—back pay and punitive damages in Count Three, (doc. 49-1 at ¶ 61(e)), and punitive damages in Count Four, (*id.* at ¶ 65(h))—from other relief sought against those Defendants in their official capacities. Because Ahmed does not, as Defendants contend, seek retrospective relief against them in their official capacities, his amendment would not be futile and his motion is not due to be denied on this basis.

9

### D. Ahmed's Claims Against the Trustees

Defendants argue the futility of Ahmed's claims against the Trustees in both their individual and official capacities.  (Doc. 57 at 10-12).  Because the Trustees have been voluntarily dismissed by Ahmed, this argument is moot, and Ahmed's motion is not due to be denied as futile on this basis.

### E. Title VII Claim

Finally, Defendants point to the date on which Glenn was selected as Dean to argue any Title VII claim Ahmed asserts based on the act of failing to interview him for the Dean position is barred because Ahmed failed to timely file an EEOC charge and thus exhaust his administrative remedies.  (Doc. 57 at 13-14).  Ahmed concedes the failure to interview claim is time-barred under the Title VII count, but argues he intended to allege it only under Count Three (his § 1983 claim) and referenced it only as background information in Counts I and II.  (Doc. 61 at 6).  Thus, there appears to be no dispute between the parties here for the undersigned to resolve; Ahmed does not allege a Title VII failure to interview violation, Defendants raise no objection to the failure to interview claim as a § 1983 claim, and therefore there is no claim to be dismissed.

### IV. Conclusion

Ahmed's motion to amend is **GRANTED IN PART**, and he is **ORDERED** to file his Third Amended Complaint within fourteen (14) days of the date of this order, subject to the following modifications: (1) he should omit his claims against the Trustees, whom he has voluntarily dismissed from the action; and (2) he should omit his claims against Alabama Agricultural & Mechanical University, replacing that defendant with the appropriate defendant in Count Five.  To the extent it seeks relief against Alabama Agricultural & Mechanical University,

Ahmed's motion is **DENIED** and his claims against Alabama Agricultural & Mechanical University are **DISMISSED**.

DONE this 14th day of March, 2017.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE